IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER TAYLOR**, | : | CIVIL ACTION NO. 1:11-CV-1035 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **C.O. R. SANDERS**, et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

Peter Taylor ("Taylor"), an inmate incarcerated at the United States Penitentiary at Atwater, California, filed this civil rights action on May 31, 2011 (Doc. 1), naming C.O. R. Sanders, Lt. B. Sudul, Lt. R. Thomas, Teacher T. Salzameda as defendants. Taylor seeks to proceed in forma pauperis. (Doc. 2.) For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action, see 28 U.S.C. § 1915(b), and the complaint will be dismissed pursuant to 42 U.S.C. §1997e(a).

## I.     **Allegations of the Complaint**

Taylor alleges that on November 16, 2010, he was punched in the back and pushed by defendant Sanders in the dining hall at the United States Penitentiary at Canaan, Pennsylvania. (Doc. 1, at ¶¶ 9-11.) Thereafter, he reported the incident to defendants Sudul and Thomas. (Id. at ¶ 10.) Allegedly, these defendants then threatened Taylor with a "set up" for having complained about one of their fellow officers. (Id. at ¶¶ 13-14.) Later that day, "[d]efendant Salzameda told plaintiff she talk [sic] to [d]efendant Sudul, and that [d]efendant Sudul wanted [d]efendant

Salzameda to write plaintiff up because plaintiff was making a complaint on [d]efendant R. Sanders." (Id. at ¶ 15.) He alleges that Salzameda then wrote a false incident report, which led to his placement in the Special Housing Unit. (Id. at ¶ 16, 18-19.)

In detailing the steps taken in exhausting the administrative review process, he concedes that his BP11 was submitted on May 3, 2011. (Doc. 1, at ¶ 29.) His complaint was verified and executed on May 10, 2011, prior to receiving a response to the BP11. (Id. at 8.)

## II. Discussion

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir.2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this one which facially violates a bar to suit.[1]  See Ray v. Kertes, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing Booth, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process.") and Nyhuis, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")).

Taylor concedes that he has availed himself of the administrative review process, but that it is not yet complete.  Because it is apparent from the face of the complaint that Taylor is barred from pursuing federal relief at this particular time, the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

An appropriate order follows.


      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:        June 6, 2011

---

[1] As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint.  See, e.g., Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER TAYLOR**, | : | CIVIL ACTION NO. 1:11-CV-1035 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **C.O. R. SANDERS**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 6th day of June 2011, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of the action. See 28 U.S.C. § 1915(b).

2. The complaint (Doc. 1) is DISMISSED pursuant to 42 U.S.C. § 1947e(a). The dismissal is without prejudice to plaintiff's right to file a new action upon completion of the administrative review process.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge